CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 30 2007

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DEMETRICE O. MUNDY, | Civil Action No. 5:07CV00034 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | By: Honorable Glen E. Conrad United States District Judge |
| Defendant. | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying in part plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to §205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Commissioner's final decision is supported by substantial evidence, and if it is not, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Demetrice O. Mundy, was born on February 24, 1951, and eventually completed her high school education. Mrs. Mundy also attended college for one year. Plaintiff has worked primarily as a letter carrier. She last worked on a regular basis in 2003. On January 22, 2004, plaintiff filed an application for a period of disability and disability insurance benefits. Mrs. Mundy alleged that she became disabled for all forms of substantial gainful employment on June 28, 2003, due to a work-related injury and residual pain in her neck, shoulders, and thumbs. She now

alleges that she has remained disabled to the present time. The record reveals that Mrs. Mundy met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See gen., 42 U.S.C. § 423.

Mrs. Mundy's claim was denied upon initial consideration and reconsideration. She then requested and received a *de novo* hearing and review before an Administrative Law Judge. In an opinion dated October 3, 2006, the Law Judge ruled that Mrs. Mundy became disabled on February 24, 2006, but that she was not disabled prior thereto. The Law Judge found that, at all relevant times, Mrs. Mundy suffered from disorders of the cervical spine, lumbar spine, and left knee, as well as nonmalignant pain syndrome. Because of these conditions, the Law Judge found that Mrs. Mundy became disabled for her past relevant work role on June 28, 2003. However, the Law Judge held that plaintiff retained sufficient functional capacity for a limited range of light work activity at all relevant times. Given such a residual functional capacity, and after considering the plaintiff's age, education, and prior work experience, the Law Judge applied the medical vocational guidelines so as to conclude that plaintiff became disabled for all forms of substantial gainful employment as of her 55th birthday on February 24, 2006. See gen., 20 C.F.R. § 404.1569, and Rule 202.06 of Appendix II to Subpart P of the Administrative Regulations Part 404. As to the period between June 28, 2003 and February 23, 2006, the Law Judge concluded that Mrs. Mundy was not disabled. In making this determination, the Law Judge again considered a residual functional capacity for light work, as well as plaintiff's age, education, prior work experience, and testimony from a vocational expert. The Law Judge determined that plaintiff retained sufficient functional capacity to perform several specific light work roles existing in significant number in the national economy at all relevant times prior to February 24, 2006. Accordingly, as to this earlier period, the Law Judge concluded

that Mrs. Mundy was not disabled, and that she was not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies in her effort to establish a period of disability beginning on June 28, 2003, Mrs. Mundy has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court must conclude that the Commissioner's final decision denying entitlement to a period of disability and disability insurance benefits prior to February 24, 2006, is not supported by substantial evidence. It seems that Mrs. Mundy first injured her back in 2002 while she was attempting to lift a box of mail. With the approval of her orthopedic specialist, plaintiff attempted to return to work on a reduced exertional basis in the fall of 2003. However, she was unable to continue as a postal service worker. Mrs. Mundy's treating orthopedic specialist has produced a multitude of reports indicating that plaintiff is now disabled for all forms of work. A pain management specialist has produced reports indicating that Mrs. Mundy experiences significant subjective manifestations as a result of bilateral lumbosacral and cervical

radiculopathy. The medical record reveals that Mrs. Mundy has undergone a multitude of uncomfortable subjective studies in an attempt to identify the cause and appropriate course of treatment for her musculoskeletal discomfort. Mrs. Mundy has undergone nerve block procedures on several different occasions, and she has followed up with the treatment recommendations of her orthopedic specialist and pain management specialist. While the court agrees that certain of the reports from the orthopedic specialist could be interpreted so as to suggest residual functional capacity for sedentary levels of exertion, the court finds no evidence produced by any physician who actually examined Mrs. Mundy which would support the notion that the plaintiff retained the capacity for sustained light work activity at any point in time after June 28, 2003. Consequently, the court concludes that the Commissioner's final decision denying entitlement to benefits as to the period between June 28, 2003 and February 23, 2006 is not supported by substantial evidence. Furthermore, given the other relevant findings made by the Administrative Law Judge in applying the medical vocational guidelines, and given a residual functional capacity for no more than sedentary exertion during the disputed period, the court concludes that Mrs. Mundy has met the burden of proof in establishing that she became disabled for all forms of substantial gainful employment beginning on June 28, 2003. See Rule 201.14 of Appendix II to Subpart P of the Administrative Regulations Part 404.

  Almost all of the medical records relevant to plaintiff's musculoskeletal condition were produced by her orthopedic specialist, Dr. Hampton J. Jackson, Jr.; her pain management specialist, Dr. G. Hudson Drakes; and several other physicians who saw plaintiff in connection with her earlier application for workers' compensation benefits. As previously noted, Dr. Jackson has submitted a series of reports which indicates that plaintiff's cervical disc problems are so severe as to render her

disabled for all forms of sustained work activity. Dr. Drakes' reports also confirm the onset of severe musculoskeletal problems following plaintiff's initial work-related injuries and a reinjury in 2003. On the other hand, the forms filled out by Dr. Jackson, and by other physicians under the Maryland Workers' Compensation Program, suggest that Mrs. Mundy retained the capacity to sit for up to eight hours a day even after the recurrence of her symptoms in the fall of 2003.

The Administrative Law Judge discounted Dr. Jackson's findings and opinions, noting that they are not supported by objective medical evidence or physical signs of severe and debilitating musculoskeletal and neurological deficits. (TR 23-24). However, the court finds that the medical record does not support the Law Judge's assessment. An EMG study performed under the supervision of Dr. Drakes revealed bilateral L4-L5 lumbosacral radiculopathy and bilateral C5-C6 cervical radiculopathy. (TR 123). Moreover, Dr. Jackson cited results from MRI studies in support of his findings of disc injuries at C5-6 and C6-7. (TR 105, 230). As for the Law Judge's assertion that Dr. Jackson failed to list any clinical notations consistent with musculoskeletal or neurological defect, the court believes that the orthopedic specialist's reports set forth consistent documentation and identification of physical signs consistent with significant musculoskeletal and neurological problems. (TR 106, 107, 108, 115, 116, 124, 189, 193, 194, 195, 196, 228, 233, and 234). The pain management specialist also reported physical signs consistent with the presence of musculoskeletal dysfunction.

The administrative regulations provide that reports and opinions from treating physicians must be accorded greater weight than reports and opinions from medical sources who have not examined the claimant. See 20 C.F.R. § 404.1527(d)(1). Furthermore, even greater weight is to be given to opinions of medical sources who have treated a claimant over period of time. See 20 C.F.R.

§ 404.1527(d)(2). The governing administrative regulations also provide that more weight should be given to the opinions and reports of a medical specialist, such as an orthopedist. See 20 C.F.R. § 404.1526(d)(5).

In Mrs. Mundy's case, the only physician who has suggested that plaintiff could perform regular and sustained light work activity was a state agency doctor who did not personally examine the claimant. On the other hand, Dr. Jackson and Dr. Drakes saw Mrs. Mundy on a multitude of occasions. Dr. Drakes is a pain management specialist, who relied on EMG studies in determining that plaintiff experiences significant subjective symptomatology. Dr. Jackson is a board certified orthopedic surgeon who saw plaintiff over the course of several years and who relied on MRI studies in determining that Mrs. Mundy experiences a significant impairment. While the court agrees that Dr. Jackson was more optimistic on some occasions than others as to plaintiff's capacity to perform light work activity for short periods of time, it is clear that the orthopedic specialist did not consider Mrs. Mundy capable of returning to full-time work at the light exertional level. On the other hand, while Dr. Jackson suggested on several occasions that Mrs. Mundy is totally disabled, his reports tend to support the notion that she could engage in sedentary levels of work at all relevant times.

For these reasons, the court concludes that the Commissioner's final decision denying plaintiff's entitlement to a period of disability between June 28, 2003 and February 23, 2006 is not supported by substantial evidence. The court finds that plaintiff has met the burden of proof in establishing that she was disabled for anything more than sedentary levels of exertion during this period of time. Given the findings of the Law Judge as to plaintiff's age, education, and prior work skills, and considering the application of the medical vocational guidelines, the court concludes that Mrs. Mundy has met the burden of proof in establishing that she became disabled for all forms of substantial gainful employment as of June 28, 2003.

The court is constrained to conclude that the Commissioner's final decision in this case is not supported by substantial evidence. Defendant's motion for summary judgment must therefore be denied. Upon the finding that plaintiff has met the burden of proof as prescribed by and pursuant to the Act for entitlement to a period of disability beginning on June 28, 2003, judgment will be entered in favor of plaintiff. The final decision of the Commissioner will be reversed, and the case remanded for the establishment of proper benefits. An order and judgment in conformity will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 30th day of October, 2007.

*/s/ Jackson Conrad*
United States District Judge

7

Case 5:07-cv-00034-GEC   Document 12   Filed 10/30/07   Page 7 of 7   Pageid#: 44